VICENTE ZAYAS PIZARRO, Plaintiff and Appellant, v. HENRY G. MOLINA, Defendant and Appellee.

No. 7075. Argued July 22, 1935.—Decided July 24, 1935.

*López de Tord & Zayas Pizarro* for appellant. *Luis E. Dubón* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Vicente Zayas Pizarro brought an action in the District Court of Ponce against Henry G. Molina to recover damages for slander.

The defendant, domiciled in San Juan, asked that the case be removed to the district court of his domicile. Plaintiff objected, and the District Court of Ponce decided the question as follows:

"The Court has studied with care the question which has been raised, and which was duly argued orally and in written briefs, and has reached the conclusion that the cause of action set forth in the

amended complaint arises from the Act 'authorizing civil actions to recover damages for libel and slander,' approved February 19, 1902, and not from section 1802 of the Civil Code, (see, in support of this conclusion, how section 1868 of the Civil Code in providing for actions which prescribe in one year, distinguishes in its second paragraph between the action to demand civil liability for grave insults or calumny and those obligations which arise from section 1802). Therefore, in accordance with section 81 of the Code of Civil Procedure, the mot on to remove this case to the District Court of San Juan must be granted.''

Feeling aggrieved by that decision, the plaintiff appealed, and the record was filed on June 13 last. On July 8 of this year, appellee moved to dismiss the appeal as frivolous, and a hearing on the motion was had on the 22nd, at which oral argument was made by counsel for both parties.

In our opinion it is clear that the action arises from the special law upon the subject referred to by the trial judge —Act authorizing civil actions to recover damages for libel and slander, approved February 19, 1902, Revised Statutes and Codes of Puerto Rico of 1902, page 234.

We cannot take into consideration the argument that if such statute had not been enacted, the courts would undoubtedly have held that, since the action arises from a crime, it would have been authorized by section 1802 of the Civil Code, 1930 ed. In this instance the Legislature was specific, separating the actions not only in enacting the special statute, but also in referring to them within the general provisions of the code to which the trial judge also refers—section 1868 of the Civil Code, 1930 ed.—; and it must be concluded that in enacting the provisions of law upon which plaintiff relies —section 79 of the Code of Civil Procedure, as amended in 1928 (Act No. 34, Session Laws, p. 224)—in which reference is made only to section 1803 of the Civil Code (sec. 1802, 1930 ed.), the Legislature did not intend to include actions arising from insult or calumny. If its intention had been otherwise, it would have spoken with the clarity with which it spoke in the latest amendment made by Act No. 18 of

April 11, 1935 (Session Laws, p. 174), which became effective on July 11, 1935. The reasoning which moved this court to hold in the case of *Alvarez* v. *The American R. R. Co. of P. R.*, 48 P.R.R. 464, that the amendment embraced the provisions of section 1803 although not expressly referred to, is distinguishable, as may be seen from the language in which the opinion is drafted.

There has been no need for the court to wait until the Act of 1935 should become effective before passing upon this removal. Once the question was submitted to it, it was the duty of the court to decide it in accordance with the law then in force. If the plaintiff believes that the new statute favors him, and that under it he has acquired new rights, he may ask that the case be remanded to the district court in which it was commenced.

The motion must be granted, and the appeal dismissed as frivolous.

Mr. Justice Córdova Dávila took no part in the decision of this case.